

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-13-2010

# Shawn Martin Finch v. Shawn Martin Finch

Precedential or Non-Precedential: Non-Precedential

Docket No. 10-2786

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"Shawn Martin Finch v. Shawn Martin Finch" (2010). *2010 Decisions.* Paper 112.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/112

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

GLD-050                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2786
_____

SHAWN MARTIN FINCH,
                                               Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 10-cv-00142)
District Judge:  Honorable Kim R. Gibson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 24, 2010

Before:  AMBRO, CHAGARES AND NYGAARD, Circuit Judges

(Opinion filed: December 13, 2010)
_____

OPINION
_____

PER CURIAM

        Appellant Shawn Martin Finch, proceeding pro se, appeals from the District

Court's dismissal of his civil action.  For the reasons that follow, we will summarily

affirm the judgment of the District Court.

        Finch initiated the underlying action in the United States District Court for the

Western District of Pennsylvania on June 3, 2010, by filing a motion for leave to proceed

in forma pauperis ("IFP").  Attached to the motion was a one-page proposed complaint naming himself as the defendant and alleging that "unknown identity thieves" had violated his Sixth and Fourteenth Amendment rights by stealing money awarded to him in other legal actions.

The Court concluded that Finch had alleged insufficient facts to support his constitutional claims.  Finch cited three appeals to this Court in support of his claim that he had been awarded damages in prior actions.  However, all three of those appeals were dismissed without any damages being awarded.  See C.A. Nos. 10-2262, 10-2263 & 10-2264.  The Court explained that, as there was no indication from the complaint whether the alleged "identity thieves" were state actors, and no indication that any damages had ever been awarded to Finch, he failed to state a claim upon which relief could be granted.  Accordingly, the Court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

For the reasons given by the District Court, we agree that Finch's complaint failed to allege any actionable violation of his constitutional rights and that any amendment would be futile.  See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).  Based on the foregoing, we conclude that this appeal presents no substantial question and, accordingly, will summarily affirm.   See 3d Cir. LAR 27.4; I.O.P. 10.6.

---

[1] The District Court also denied his motion for leave to proceed IFP as moot.  As we have explained previously, leave to proceed IFP is based on a showing of indigence.  See Deutsch v. United States, 67 F.3d 1080, 1085 n.5 (3d Cir. 1995).  Only after such leave has been granted should a complaint be dismissed as frivolous.  See id.  Rather than dismissing the motion for leave to proceed IFP as moot, the District Court should have granted it and then dismissed the complaint as frivolous.

2